**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-10-00747-CR

————————

**RAFAEL TURCIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1221167**

---

**MEMORANDUM OPINION**

Appellant, Rafael Turcios, pleaded guilty to the offense of aggravated robbery, without an agreed recommendation from the State regarding punishment. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003). The trial court found appellant guilty, entered an affirmative finding that a deadly weapon was used or exhibited, and assessed punishment at confinement for 40 years. Appellant timely filed a notice of appeal.

Appellant's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

We may not grant the motion to withdraw until:

(1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his

client has, at some point, been informed of his right to file a pro se PDR;

(2)     the attorney has informed us that he has performed the above duties;

(3)     the defendant has had time in which to file a pro se response; and

(4)     we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09. If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that he delivered a copy of the *Anders* brief to appellant and informed him of his right to examine the appellate record and to file a pro se response. *See Schulman*, 252 S.W.3d at 408. Appellant did not file a pro se response.[1] *See id.* at 409 n.23 (adopting 30-day period for response).

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at

---

[1]     On January 13, 2012, the Court granted a third extension of time for appellant to file a pro se response, ordering that his response, if any, be filed by February 12, 2012 and that, absent extraordinary circumstances, no further extensions would be granted.

3

1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel supplies us with references to the record and provides us with citation to legal authorities. Counsel indicates that he has thoroughly reviewed the record, has consulted with appellant as well as with trial counsel, and that he is unable to advance any grounds that would warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App. – Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We grant counsel's motion to withdraw[2] and affirm the appeal. Attorney David L. Garza must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]     Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).